Theodore DOSTAL and David Gass, Plaintiffs-Appellants,

v.

Carl B. STOKES, Mayor of the City of Cleveland, Clarence L. James, Jr., Law Director, Joseph McManamon, Safety Director, Patrick J. Gerity, Michael J. Blackwell, Harry Leisman, Larry Todd, John McNulty and William J. Blakemore, Defendants-Appellees.

No. 19967.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 1970.

Walter S. Haffner, Cleveland, Ohio, Good & Haffner, Cleveland, Ohio, on the brief, for appellants.

Lloyd B. Silverman, Cleveland Heights, Ohio, for appellees.

Clarence L. James, Jr., Director of Law, Donald J. Guittar, Asst. Director of Law, Cleveland, Ohio, counsel of record for appellees.

Benjamin B. Sheerer, Rudd, Miller, Sheerer & Lybarger, Cleveland, Ohio, American Civil Liberties Union of a Greater Cleveland, on brief for amicus curiae.

Before WEICK, EDWARDS and BROOKS, Circuit Judges.

PER CURIAM.

Plaintiffs in this case filed a complaint in the United States District Court for the Northern District of Ohio, at Cleveland, seeking to restrain various police and public officials from proceeding with criminal charges against them (alleging assaults on police officers, in violation of the Ohio Revised Code § 2901.252(a)) and seeking damages for assaults they claimed the police officers had committed upon them.

This litigation grows out of a George Wallace rally in Cleveland and a counter-demonstration to it during which plaintiffs were arrested. The District Judge entered an opinion and order denying injunctive relief and dismissing plaintiffs' complaint for damages without prejudice to the damage complaint being refiled with greater specificity. No amended complaint has ever been filed; nor do we read this appeal as related to plaintiffs' suit for damages.

The thrust of appellants' argument is that the District Judge erred in denying injunctive relief. The City of Cleveland moves to dismiss this appeal, contending that the District Court order was interlocutory and involved no final order.

This court holds the District Judge's denial of injunctive relief was a final order and is appealable. 28 U.S.C. § 1292(a) (1964). On grounds of comity, however, federal courts do not generally enjoin the trial of criminal cases pending in the state courts. Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1963); Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). We have read the complaint filed in the District Court in this case and do not believe that the facts therein alleged are in the limited category of threats to First Amendment rights represented by the facts of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). And we perceive no reason why appellants' federal constitutional rights cannot be vindicated in the state court proceedings.

The judgment of the District Court is affirmed; Townsend v. Ohio, 366 F.2d 33 (6th Cir. 1966), and cases cited therein.