In re Roger E. CORNMESSER,
Bankrupt.

Roger E. CORNMESSER,
Plaintiff-Appellant,

v.

CITY OF JOHNSON CITY, TENNESSEE, et al., Defendants-Appellees.

No. BK-2-77-230.

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 21, 1978.

Dick L. Johnson, Johnson City, Tenn., for plaintiff-appellant.

Ferdinand Powell, Jr., Powell & Epps, Johnson City, Tenn., for defendants-appellees.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an appeal from the judgment of a bankruptcy judge of this district, 11 U.S.C. § 67(c); Rule 801(a), Bankruptcy Rules, denying the application of the bankrupt (plaintiff-appellant) Mr. Cornmesser for an injunction prohibiting the defendants-appellees from proceeding with the prosecution of him in certain criminal actions pending in the state courts of Tennessee. The record on appeal was transmitted by the clerk to the undersigned judge for decision thereon. Local Rule 22(d). No party filed a written request for a hearing upon oral argument. *See idem.*, and Rule 809, Bankruptcy Rules.

█ Reference is made to the bankruptcy judge's memorandum of February 1, 1978 for a recitation of the pertinent facts. The bankruptcy court found and concluded that Mr. Cornmesser's allegations did not demonstrate that the state criminal proceedings pending against him were instigated in bad faith, for the purpose of harassment, or for the collection of a debt discharged or dischargeable in bankruptcy. Memorandum herein of February 1, 1978. The findings of fact therein not being clearly erroneous, this Court hereby ACCEPTS the same. Rule 810, Bankruptcy Rules. Further, the Court concludes that the bankruptcy judge did not commit an error of law, nor did he abuse his discretion in denying the requested injunctive relief. See *In re Romano*, D.C.Tenn. (1961), 196 F.Supp. 954, 955[2].

█ " * * * When a federal court is asked to interfere with a pending state prosecution, established doctrines of equity and comity are reinforced by the demands of federalism, which require that federal rights be protected in a manner that does not unduly interfere with the legitimate functioning of the judicial systems of the [s]tates. * * * " *Kugler v. Helfant* (1975), 421 U.S. 117, 123, 95 S.Ct. 1524, 1530, 44 L.Ed.2d 15, 23[1], rehearing denied (1975), 421 U.S. 1017, 95 S.Ct. 2425, 2426, 44 L.Ed.2d 686. Accordingly, in the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene by way of an injunction in a pending state criminal prosecution. *Ibid.*, 421 U.S. at 123, 95 S.Ct. at 1530, 44 L.Ed.2d at 24[1].

█ " * * * Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process. * * * " *Ibid.*, 421 U.S. at 124, 95 S.Ct. at 1531, 44 L.Ed.2d at 24[4]. Thus, federal injunctive relief against pending state prosecutions is justified " * * * '[o]nly if cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where ir-

reparable injury can be shown * * * .'
* * * " *Ibid.*, 421 U.S. at 124, 95 S.Ct. at 1530–1531, 44 L.Ed.2d at 24[3], quoting from *Perez v. Ledesma* (1971), 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701.

Mr. Cornmesser makes no claim herein that the state criminal proceedings pending against him were undertaken by state officials in bad faith [1] without hope of obtaining a valid conviction. Neither did he allege nor demonstrate other extraordinary circumstances where irreparable injury could be shown.[2] Although the bankrupt-appellant alleged that the defendants were harassing him through the state prosecutions, the record before the bankruptcy judge did not support such contention. Certainly there was no " * * * proven harassment. * * * " " * * * The burden of conducting a defense in [a] criminal prosecution [is] not sufficient to warrant interference by the federal courts with legitimate state efforts to enforce state laws. * * * " *Trainor v. Hernandez* (1977), 431 U.S. 434, 442, 97 S.Ct. 1911, 1917, 52 L.Ed.2d 486, 494.

■■■ Even under ordinary circumstances not involving ongoing state court criminal proceedings, the principles of equity militate heavily against the grant of an injunction except in the most extraordinary circumstances. *Rizzo v. Goode* (1976), 423 U.S. 362, 379, 96 S.Ct. 598, 608, 46 L.Ed.2d 561, 474[8]. The burden was on Mr. Cornmesser to have established clearly his right to the extraordinary relief which he sought. *United Transportation Union v. Michigan* (1971), 401 U.S. 576, 584, 91 S.Ct. 1076, 1081, 28 L.Ed.2d 339, 346[12]. He did not meet that burden, and the bankruptcy judge correctly declined to enjoin the state criminal prosecutions. That judgment hereby is

AFFIRMED.

1. " * * * '[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction. * * * " *Ibid.*, 421 U.S. at 126, 95 S.Ct. at 1531 n. 6, 44 L.Ed.2d at 25 n. 6, [9b].

2. " * * * [S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of

presenting a highly unusual factual situation." *Ibid.*, 421 U.S. at 125, 95 S.Ct. at 1531, 44 L.Ed.2d at 25[5].

For a timely example of one such "extraordinary circumstance" see *Flynt v. Leis*, C.A.6th (1978), 574 F.2d 874, where it was found that under the particular circumstances the plaintiffs had no adequate state remedy available to correct a clear constitutional violation.