**In re Beatrice GOREE, Petitioner,**

v.

**Honorable J. Bruce MILLER, Steve Johnson, Thomas J. Knopf and Robert Schilling, Respondents.**

**Civ. A. No. C 83–1260 L(A).**

United States District Court, W.D. Kentucky, Louisville Division.

April 20, 1984.

Algernon W. Tinsley, Louisville, Ky., for petitioner.

Wallace H. Spalding, Jr., Louisville, Ky., trustee.

J. Bruce Miller, Jefferson County Atty., Steve Johnson, Asst. Jefferson County Atty., Thomas J. Knopf, Judge, Robert Schilling, Bureau for Social Ins. Ky. Cabinet for Human Res., Louisville, Ky., for respondents.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

Beatrice Goree brings this action appealing a decision of the Bankruptcy Judge, the Honorable Merritt S. Deitz. 45 B.R. 704. Jurisdiction is proper under 28 U.S.C. §§ 160 and 1334. Ms. Goree moved the Bankruptcy Court to find certain individuals in contempt. Judge Deitz ruled that he lacked jurisdiction over the individuals in question. After due consideration, this Court overrules Judge Deitz's decision and remands the case for further proceedings.

The facts are without dispute. Ms. Goree plead guilty on March 7, 1979, to a charge of unemployment insurance benefits fraud in Jefferson District Court, Louisville, Kentucky. Defendant Thomas J. Knopf was the presiding judge. Other defendants include Jefferson County Attorney J. Bruce Miller, his assistant Steve Johnson, and Robert Shilling of the Bureau of Social Insurance. Judge Knopf sentenced Ms. Goree to a probated sentence, conditioned upon her making restitution to the Bureau of Social Insurance. Ms. Goree began her repayment. On June 28, 1980, Ms. Goree filed a petition in bankruptcy, listing her debt to the Bureau of Social Services as one of the debts to be discharged.

On January 8, 1981, Judge Deitz granted Ms. Goree's petition and discharged those debts which she listed in her petition, including the debt to the Bureau of Social Services. Apparently, the Bureau did not contest the discharge. Ms. Goree ceased repayment of the debt. In response, the Bureau informed her that it would move to revoke her probation unless she continued restitution. This action for contempt followed.

The defendants contend that Judge Deitz should not have discharged Ms. Goree's debt to the Bureau. *In re Magnifico*, 21 B.R. 800 (Bankr.D.Ariz.1982); *In re But-*

*ton*, 8 B.R. 692 (Bankr.W.D.N.Y.1981). Since the debt was non-dischargeable, Judge Deitz had no authority to enjoin the defendant's subsequent prosecution of Ms. Goree upon her failure to pay restitution. Defendants misread the status of the case.

■ This case is not before the Court on an appeal from the Bankruptcy Court of an order denying or affirming discharge of the debt. The Bankruptcy Court's decision is final and unappealable because none of the creditors filed a notice of appeal within ten (10) days after Judge Deitz's January 8 order granting Ms. Goree's discharge. See Federal Rule of Bankruptcy Procedures 8002. Thus, a party may challenge the discharge only under Rules 9023 and 9024, the bankruptcy equivalents of Federal Rules of Civil Procedure 59 and 60. The defendants have not followed that course of action in this case. Therefore, this Court must accept Judge Deitz's January 8 order as a valid enforceable order.

■ The Bankruptcy Court has jurisdiction to enjoin a criminal prosecution based upon a debt which has been discharged. *Matter of Davis*, 18 B.R. 701, 702–03 (D.Del.1982). See e.g., *In re Whitaker*, 16 B.R. 917, 922–23 (Bankr.M.D. Tenn.1982); *In re Taylor*, 16 B.R. 323, 325–26 (Bankr.D.Md.1981); *Johnson v. Lindsey*, 16 B.R. 211, 212–13 (Bankr.M.D. Fla.1981); *In re Kaping*, 13 B.R. 621, 622–23 (Bankr.D.Or.1981). Parenthetically, the Court notes that the proper motion by the plaintiff is a motion for an injunction. We also note that any bad faith on the part of the creditors may be imputed to the state officials. *In re Whitaker*, 16 B.R. at 922 n. 6.

Substantial authority, some within the Sixth Circuit, supports the proposition that this debt is dischargeable. See e.g., *In re Whitaker, supra; Johnson v. Linsey, supra; In re Lake*, 11 B.R. 202, 204–05 (Bankr.S.D.Ohio 1981). Cf. *Matter of Ohio Waste Services, Inc.*, 23 B.R. 59, 60–61 (Bankr.S.D.Ohio 1982). The central issue appears to be whether the restitution is part of the state's criminal prosecution or whether the restitution is to enable the offended party to recover the debt. Courts which have examined the question have enjoined prosecutions of the latter category. See e.g., *In re Magnifico*, 21 B.R. at 803; *In re Whitaker*, 16 B.R. at 922–23. Finally, we note that there is a substantial question of abstention. See *Matter of Davis*, 18 B.R. at 703–04; *In re Cornmesser*, 1 B.R. 482 (D.C.E.D.Tenn.1978).

■ These matters will be before the Bankruptcy Court on remand. The defendants may challenge the original discharge if they choose. Such a matter is for the Bankruptcy Court in the exercise of its normal jurisdiction. We draw the parties' attention to *In re Godfrey*, 472 F.Supp. 364 (M.D.Ala.1979). If the creditors choose not to object to the discharge already final, the Bankruptcy Court should examine the question of the purpose of the restitution as discussed above. If the purpose of the restitution is to reimburse the Bureau of Social Services for that amount which was lost, the Bankruptcy Judge should enjoin prosecution of Ms. Goree.

In summary, this Court specifically does not reach the question of whether the debt was dischargeable. That question is not before the Court. The Bankruptcy Judge discharged the debt, and we have not heard the Bureau of Social Services argue that it did not have notice of the bankruptcy hearing or an opportunity to contest the proceedings. Again, such a matter is for the Bankruptcy Judge on remand. We only hold that the Bankruptcy Judge has jurisdiction to enjoin a state prosecution when certain conditions are met. We remand to the Bankruptcy Court for a determination of whether those conditions exist.

A judgment in accordance with this opinion is entered this day.