. **Ken M. HOWARD, Hardin County Attorney, Appellant,**

v.

**John P. ALLARD, Appellee.**

**No. C89–0962–L(B).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Jan. 3, 1991.

Ken M. Howard, Hardin County Atty., Elizabethtown, Ky., for appellant.

Donald Skeeters, Radcliffe, Ky., for appellee.

## MEMORANDUM

BALLANTINE, Chief Judge.

This matter is before the Court by virtue of an appeal from the judgment of the Bankruptcy Court permanently enjoining the Hardin County Attorney from pursuing further action in the Hardin District Court for an alleged violation of KRS 514.090, against Appellee John P. Allard, a debtor in bankruptcy.

In the summer of 1988, John Allard contracted with Universal Interiors, Inc. ("Universal") for the installation and finishing of sheet rock on a job in Elizabethtown, Kentucky. In August of 1988, Universal finished the work and, on September 10, 1988, Allard gave Universal a check for $5,000 as partial payment for the job. Universal promptly deposited the check which was returned marked "insufficient funds." About this time, Allard was in the midst of a contested divorce proceeding and stopped using the checking account upon which he had drawn the check to Universal. Allard did not reconcile his balance for that account and was unaware that the check had been returned unpaid.

From October through December of 1988, Allard received $30,000 from the sale of a lot and paid approximately $23,000 to various subcontractors on the Elizabethtown job. Sometime after December of 1988, Bruce Beasley, the owner of Universal, told Allard that his $5,000 check had been returned unpaid. Allard subsequently paid Beasley $2,000 on the delinquent

account, leaving a balance of approximately $4,700.

In the spring of 1989, Universal filed suit against Allard in the Hardin Circuit Court for the balance on the account. On May 8, 1989, the Hardin Circuit Court entered a default judgment against Allard for $4,786.92 plus twelve percent (12%) interest per annum from the date of judgment until paid. On June 22, 1989, Allard filed for relief under Chapter 7 of the Bankruptcy Code.

About the same time, Beasley went to the office of the Hardin County Attorney, Ken Howard, seeking to file a criminal charge against Allard for issuance of the cold check. Beasley had not yet received notice that Allard had filed for bankruptcy. On June 28, after Allard filed for bankruptcy, the Hardin County Attorney's office sent Allard its standard demand letter stating that unless he paid the check within ten days, criminal charges would be filed. The County Attorney's office sent that letter to Allard's former address and it never reached him.

After Allard's ten days had expired, Beasley still had not been paid and he returned to the Hardin County Attorney's office. By this time, Beasley had received official notice from the Bankruptcy Court clerk of Allard's bankruptcy filing. Although Beasley did not tell Howard this on his second visit, Howard knew at that time that Allard either already had filed or soon would be filing for bankruptcy relief. Nevertheless, Howard prepared a criminal complaint charging Allard with theft of labor in violation of KRS 514.090, a class D felony. Howard then forwarded the complaint to the Hardin District Court where Judge Steven Bland signed a warrant of arrest. Allard has not yet been served with that warrant.

After learning of the criminal complaint, Allard called Beasley. During that conversation, Beasley admitted that he instigated the criminal proceeding in attempt to recover the debt and that he would dismiss the criminal charge if Allard would repay the debt. Allard then filed a verified petition with the Bankruptcy Court requesting that Universal, Beasley, and the Hardin County Attorney be enjoined from prosecuting Allard for the alleged violation of KRS 514.090. Allard alleged that the prosecution was a debt collection effort that violated the provisions of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

The Bankruptcy Court found that the prosecution was for the purpose of collecting a debt and, therefore, concluded that the prosecution was in violation of the Bankruptcy Code. The Bankruptcy Court permanently enjoined Universal, Beasley, and Howard from pursuing the KRS 514.090 criminal charge against Allard. At the time of this injunction, the Bankruptcy Court had not made any finding as to the dischargeability of the debt which Beasley was attempting to collect. That debt still has not been discharged.

■ This appeal involves review of both questions of law and fact. With respect to the standard of review for findings of fact, this Court may not set aside the Bankruptcy Court's findings unless they are clearly erroneous. *See, e.g., In re Caldwell,* 851 F.2d 852 (6th Cir.1988). The burden of proving that the Bankruptcy Court's findings are clearly erroneous is on the party seeking review. *See, e.g., In re Browning,* 31 B.R. 995 (S.D.Ohio 1983). By contrast, this Court may freely review the Bankruptcy Court's conclusions of law and, indeed, must review any such conclusions de novo. *In re Vause,* 886 F.2d 794 (6th Cir.1989); *In re Van Rhee,* 80 B.R. 844 (W.D.Mich.1987).

The appellant here, Ken Howard, has failed to satisfy his burden of proving that the Bankruptcy Court's findings of fact are clearly erroneous and this Court shall not set those findings aside. However, for the reasons explained below, this Court concludes that the Bankruptcy Court committed an error of law by ordering a *permanent,* rather than a *preliminary,* injunction against Beasley and the Hardin County Attorney.

The Anti-Injunction Act, 28 U.S.C. § 2283, contains a general prohibition against federal courts enjoining any proceeding in state court, whether civil or

criminal.[1] This Act provides, however, that federal courts may enjoin state proceedings when there is some other federal statutory authorization for such an injunction. *Mitchum v. Foster*, 407 U.S. 225, 233–35, 92 S.Ct. 2151, 2157–58, 32 L.Ed.2d 705 (1972).

The Bankruptcy Code contains Congressional authorization for the issuance of injunctions by bankruptcy courts against state proceedings.[2] *Mitchum*, *supra; O'Shea v. Littleton*, 414 U.S. 488, 511, 94 S.Ct. 669, 684, 38 L.Ed.2d 674 (1974) (Douglas, J. Dissenting); *In re Neuman*, 71 B.R. 567 (Bankr.S.D.N.Y.1987). Section 105(a) of the Code provides, in relevant part, that:

[t]he [bankruptcy] court may issue any order, process, or judgment that is necessary to carry out the provisions of this title.

11 U.S.C. § 105(a).

■ Section 105(a) has been construed as giving bankruptcy courts the power to stay state criminal proceedings despite the specific exemption of criminal proceedings from the automatic stay imposed when the debtor files for bankruptcy. *In re Wise*, 25 B.R. 440, 441 (Bankr.E.D.Va.1982); *In re Lake*, 11 B.R. 202, 204–05 (Bankr.S.D.Ohio 1981). *See also* 11 U.S.C. § 362(a) & (b). In other words, the exemption of criminal proceedings from the automatic stay does not limit bankruptcy courts' jurisdiction to prevent them from enjoining such proceedings under section 105(a). 2 Collier on Bankruptcy § 362.05 at 362–37 (15th ed. 1983). *See also In re Baldwin–United Corp. Litigation*, 765 F.2d 343, 348 (2d Cir.1985). Instead, the section 362(b)(1) ex-

emption, as well as the other section 362(b) exemptions merely reflects Congressional judgment that debtors should move bankruptcy courts into action to determine on a case by case basis whether a particular action interferes with the debtor's final rehabilitation or the orderly liquidation of his estate. Collier, *supra* at § 362.05.[3]

■ Therefore, in appropriate circumstances, bankruptcy courts can, and should, enjoin state criminal proceedings. Specifically, bankruptcy courts should enjoin such proceedings when the facts reveal they were initiated for the purpose of collecting debts which either have been or might be discharged in bankruptcy proceedings. *In re Bicro Corp.*, 105 B.R. 255, 258 (Bankr. M.D.Penn.1988); *In re Padgett*, 37 B.R. 280, 282 (Bankr.W.D.Ky.1983); *In re Holder*, 26 B.R. 789, 791 (Bankr.M.D.Tenn. 1982). *See also In re Goree*, 46 B.R. 697, 699 (W.D.Ky.1984). In such cases, injunctions are necessary not only to protect the integrity of bankruptcy courts and laws, but to protect debtors as well. *In re Wise*, 25 B.R. 440, 442 (Bankr.E.D.Va.1982).

■ When restitution is the purpose of criminal proceedings, Congress' intent in enacting the federal bankruptcy laws is undermined by coerced payments through use of the criminal process. *Id.* Allowing such criminal actions to proceed would interfere with the federal scheme for the orderly liquidation of debtors' estates. Also, the commencement and continuation of such criminal proceedings would impermissibly infringe on the benefits granted to

---

**1.** The Anti–Injunction Act, 28 U.S.C. § 2283, provides that:

[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment.

**2.** As enacted in 1793, the Anti–Injunction Act originally prevented the issuance of an injunction to stay any state proceeding regardless of the circumstances. In 1874, however, Congress amended the Act to permit a federal court to stay state court proceedings that interfered with the administration of a federal bankruptcy proceeding. *Mitchum*, 407 U.S. at 233–35, 92 S.Ct.

at 2157–58. *See also Matter of Davis*, 691 F.2d 176, 176 (3d Cir.1982). In 1948, Congress again amended the Act to its present form which allows a federal court to stay state court proceedings that interfered with other federal statutory schemes in addition to the bankruptcy laws.

**3.** Here, Allard filed a verified petition seeking a determination by the Bankruptcy Court that the Hardin County prosecution interfered with his final rehabilitation and the orderly liquidation of his estate. The Court concludes that the filing of this petition was sufficient to invoke the Bankruptcy Court's jurisdiction to issue an injunction pursuant to section 105(a). *In re Whitaker*, 16 B.R. 917 (Bankr.M.D.Tenn.1982).

debtors seeking the protection of bankruptcy courts.

Bankruptcy Code provisions § 362(a) and § 524(a)(2) are fundamental in protecting a debtor in bankruptcy from such bad faith efforts or harassing attempts by creditors anxious to collect a debt subject to the bankruptcy court's jurisdiction. These collection efforts conflict with the intent of Congress that all creditors subject to the proceeding in bankruptcy be provided a full and fair opportunity to share in estate assets according to Code mandate. Efforts to retrieve payment from a debtor in bankruptcy also conflict with Code policy of protecting the debtor from creditors' scramble for remaining funds and furthering the intent of Congress in leaving debtor with sufficient assets to effectuate his 'fresh start' subsequent to the bankruptcy proceeding. *In re Padgett,* 37 B.R. 280, 283 (Bankr.W. D.Ky.1983). *See also Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *In re Whitaker,* 16 B.R. 917 (Bankr.M.D.Tenn.1982).

A refusal to enjoin the state prosecution against Allard at this time imposes a substantial risk that Allard will face a direct conflict between his rights and obligations under the bankruptcy laws and his criminal punishment. *In re Whitaker,* 16 B.R. 917, 922 (Bankr.M.D.Tenn.1982). If convicted of the alleged violation of KRS 514.090, Allard would not be entitled to probation unless he makes restitution to Beasley. KRS 533.030(3). However, if the Bankruptcy Court later discharges the debt underlying the alleged criminal violation, Allard will be precluded from making restitution to Beasley. This patent conflict between the state criminal prosecution and federal bankruptcy proceeding will leave Allard irreparably harmed and without an adequate remedy at law.

Some courts, relying on *Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27

L.Ed.2d 669 (1971), have held that this conflict is alleviated because the debtor can raise his bankruptcy objections to restitution as a defense in the state court proceedings. *Matter of Davis,* 691 F.2d 176, 178 (3d Cir.1982); *Barnette v. Evans,* 673 F.2d 1250, 1252 (11th Cir.1982). This Court, however, disagrees with the reasoning and results of those other courts.

*First,* there simply is no guarantee that Allard can raise a bankruptcy-based defense in the Hardin Circuit Court criminal proceeding. Moreover, any such defense concerns rights and obligations created by the Bankruptcy Code, which are matters within the exclusive jurisdiction of federal courts. *See In re Bellucci,* 119 B.R. 763 (Bankr.E.D.Cal.1990) (citing *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987). Thus, requiring Allard to raise his objections to the state criminal proceeding in state court would be inappropriate. *See In re Brown,* 39 B.R. 820 (Bankr.M.D.Tenn.1984).

*Second,* strict reliance on *Younger* here would be misplaced because the facts of that case are distinguishable. The state criminal proceeding in *Younger* was initiated before the defendant sought to invoke the federal court's jurisdiction. By contrast, the federal bankruptcy proceeding here was initiated before Beasley signed the criminal complaint against Allard and before the Hardin County Attorney sent that complaint to the Hardin Circuit Court for the issuance of a warrant. In *Younger,* the Supreme Court expressed "no view about circumstances under which federal courts may act when there is no prosecution pending in state courts at the time when the federal proceeding is begun." *Zalman v. Armstrong,* 802 F.2d 199, 202 (6th Cir.1986).[4]

Furthermore, *Younger* involved a constitutional objection to the state criminal proceeding. By contrast, Allard's objection to the criminal proceeding in Hardin Circuit Court is statutory in nature—*i.e.,* it concerns a direct conflict between the state

---

**4.** *See also Dostal v. Stokes,* 430 F.2d 1299, 1300 (6th Cir.1970) (citing *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)) (A federal court generally should abstain from en-

joining a criminal case which is pending in a state court *before* the federal court's jurisdiction is invoked.).

proceeding and the federal statutory bankruptcy proceeding. Thus, unlike the objection to the state criminal proceeding in *Younger*, Allard's statutory objection falls within the "expressly authorized exception" to the Anti–Injunction Act.

When Beasley signed the formal complaint against Allard, he had actual notice from the bankruptcy court clerk of Allard's bankruptcy filing, but did not tell this to Howard. Nevertheless, when Howard sent the complaint to the Hardin Circuit Court for the issuance of a warrant, he knew that Allard was in the process of filing or had already filed for bankruptcy. Thus, Beasley and Howard clearly were attempting to use the criminal process in bad faith to extract a preference not accorded Allard's similarly situated creditors. *In re Bicro Corp., Inc.*, 105 B.R. 255, 258 (Bankr.M.D. Penn.1988); *In re Caldwell*, 5 B.R. 740, 742 (Bankr.W.D.Va.1980). *See also In re Goree*, 46 B.R. 697, 699 (W.D.Ky.1984) ("[A]ny bad faith on the part of the creditors may be imputed to the state officials."). The Court concludes that, until the Bankruptcy Court determines the dischargeability, further prosecution of Allard in state court would amount to harassment and bad faith prosecution. Therefore, the Court holds that it was proper for the Bankruptcy Court to enjoin Beasley, Universal, and Howard from pursuing that prosecution.

However, the Court concludes that it was inappropriate for the Bankruptcy Court to enjoin *permanently* Beasley, Universal, and Howard from pursuing further action in the state criminal prosecution of Allard because the debt underlying that prosecution has not yet been discharged. Instead, the Court concludes that Bankruptcy Court should have issued only a *preliminary*, injunction against Beasley, Universal, and Howard. If the Bankruptcy Court later discharges the debt represented by the bad check given to Beasley, it should order the pursuance of the criminal

proceeding permanently enjoined. If the Bankruptcy Court determines, however, that the debt is not dischargeable, it should dissolve the preliminary injunction against pursuance of the state court prosecution.[5]

For the foregoing reasons, the Court reverses the Bankruptcy Court and remands for proceedings consistent with this opinion.

An appropriate order has been entered this 3rd day of January, 1990.

---

5. Contrary to appellant's contentions, the Hardin County Attorney did not have to be a party to an adversary proceeding to be subject to the injunction entered by the Bankruptcy Court. *See* Fed.R.Civ.P. 65(d). *In re Luis Electrical* *Contracting Corp.*, 917 F.2d 713 (2d Cir.1990); *SEC v. Wencke*, 622 F.2d 1363 (9th Cir.1980); *In re Clifton Steel Corp.*, 35 B.R. 732 (N.D.N.Y. 1983).