963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Karen Joyce SYLVESTRE, Debtor. Karen Joyce
Sylvestre, Plaintiff-Appellant,
v.
SAFEWAY, INCORPORATED, Defendant-Appellee.
 No. 91-2689.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 8, 1992
Decided: May 27, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-91-285-A)
 John William Thyden, Thyden & Gross, Washington, D.C., for Appellant.
 Richard Arthur Bishop, Michael H. McConihe, O'Brien, Birney & Butler, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Karen Joyce Sylvestre appeals from the denial of attorney's fees for an alleged violation of (1) the automatic stay imposed under 11 U.S.C. § 362 (1988 & Supp. II 1990) upon filing of a bankruptcy petition, and (2) the injunction imposed under 11 U.S.C.s 524(a) (1988) upon issuance of a final bankruptcy decree. We affirm.
 
 I.
 
 2
 Sylvestre filed for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701-766 (1988), on June 16, 1987. At the time of filing, Sylvestre owed Appellee Safeway, Inc. (Safeway) $153.26 due to checks returned for insufficient funds.
 
 
 3
 Without knowing that the petition had been filed, Adam Andriuk, assistant manager of the Safeway store in which Sylvestre had presented the checks, swore out a criminal complaint against Sylvestre for the purpose of collecting the debt. Safeway was informed of the bankruptcy petition shortly thereafter.
 
 
 4
 Sylvestre was found guilty of larceny in the General District Court, Fairfax County, Virginia, on August 12, 1987. She appealed, was tried in the Fairfax County Circuit Court, and again found guilty on November 19, 1987. During the latter trial, the court was informed of the bankruptcy petition but concluded that the stay was inapplicable. The matter was appealed, ultimately resulting in a dismissal by the Virginia Court of Appeals.
 
 
 5
 Sylvestre initiated a contempt proceeding on September 25, 1987, for violation of the automatic stay provisions of 11 U.S.C. § 362. However, she did not pursue the contempt matter following her bankruptcy discharge on October 13, 1987. The case was reopened on June 19, 1990, to resolve the outstanding Order to Show Cause. Safeway moved for summary judgment, which was granted. The district court affirmed, and Sylvestre now appeals to this Court.
 
 II.
 
 6
 Under 11 U.S.C. § 362, the filing of a petition in bankruptcy stays actions brought to recover a debt. However, § 362(b) specifically provides that the stay does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor." This case falls squarely within this exception. Nearly every court that has examined the scope of § 362(b) has concluded that"criminal action" includes all criminal actions. See, e.g., In re Alan I.W. Frank Corp. (Alan I.W. Frank Corp. v. P.M.A., Inc.), 19 B.R. 41, 42 (Bankr. E.D. Pa. 1982). One court has held that criminal proceedings brought for the purpose of collecting a debt are automatically stayed. In re Padgett, 37 B.R. 280, 284-85 (Bankr. W.D. Ky. 1983). However, we find the In re Padgett court's reasoning unpersuasive. Clearly the use of criminal process to collect debts may frustrate the purpose of the automatic stay. The remedy, however, lies in a separate injunction. Section 362(b) is unambiguous; it should be applied accordingly.
 
 
 7
 Sylvestre also contends that the bankruptcy court erred in not awarding attorney's fees for violation of § 524. A bankruptcy court's award or denial of attorney's fees is generally reviewed under an abuse of discretion standard. In re ASI Reactivation, Inc. (EEE Commercial Corp. v. Holmes), 934 F.2d 1315, 1324 (4th Cir. 1991); see also Green v. United States, 356 U.S. 165, 188 (1958) (civil contempt sanctions within discretion of court); Jordan v. Wilson, 851 F.2d 1290, 1292 (11th Cir. 1988) (same). Given the state court's determination that it was not enjoined from retrying Sylvestre, the bankruptcy court was justified in concluding that an award of attorney's fees was not equitable. Its denial of attorney's fees, thus, was not an abuse of discretion.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED