**In re Bruce A. DOVELL, Debtor.**

**Bruce A. Dovell, Plaintiff,**

**v.**

**The Guernsey Bank, et al., Defendants.**

**Bankruptcy No. 03–58355.**
**Adversary No. 03–02594.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Jan. 15, 2004.

James E. Nobile, Esq., Nobile, Needle-man & Thompson L.L.C., Columbus, OH, for Plaintiff.

Joseph C. Winner, Esq., McFadden, Winner and Savage, Columbus, OH, for Defendant Guernsey Bank.

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION AND DENYING DEFENDANTS' MOTION TO DISMISS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the plaintiff's motion to preliminarily enjoin defendants State of Ohio and Franklin county Prosecutor from further prosecut-

ing him in case number 03 CR–7048 pending before the Franklin County common Pleas Court. The State of Ohio and the Franklin County Prosecutor opposed the motion and moved to dismiss the plaintiff's complaint for injunctive relief for failure to state a claim upon which relief can be granted.

The Court conducted a preliminary injunction hearing on December 10, 2003. No testimony was presented at the hearing. Counsel for the plaintiff and for the defendants State of Ohio and Franklin County Prosecutor stipulated for the purposes of these motions that the factual allegations set forth in the complaint were true. They also stipulated to the absence of any bad faith on the part of the State of Ohio and the Franklin County Prosecutor. The attorney for defendant Guernsey Bank appeared at the hearing, but did not participate as the injunctive relief requested was limited to the other defendants.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Relief entered in this district. This Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

The plaintiff is the debtor in the underlying bankruptcy case. He filed a petition for relief under chapter 7 of the Bankruptcy Code on June 4, 2003. Following the filing of his petition, defendant Guernsey Bank engaged in various collection efforts that culminated in the filing of a criminal complaint against the plaintiff for passing a bad check. The Worthington Police Department after an initial investigation forwarded the complaint to the Franklin County Prosecutor. On or about October 23, 2003, the Franklin County Prosecutor presented the case to a grand jury which then indicted the plaintiff for one count each of theft and passing bad checks.

■ The plaintiff argues that the Court should grant his application for preliminary injunction because the principal motivation behind the criminal proceeding is to collect a debt which would otherwise be discharged. The State of Ohio and the Franklin County Prosecutor contend that the automatic stay does not apply to the commencement or continuation of criminal proceedings. *See* 11 U.S.C. § 362(b)(1). They further argue that in order to circumvent the general prohibition against enjoining state criminal proceedings, the plaintiff must show bad faith on their part and not simply bad faith on the part of defendant Guernsey Bank.

■ The exception to the automatic stay set forth in 11 U.S.C. § 362(b)(1) is inapplicable where the criminal proceeding is initiated for the purpose of collecting a debt. *In re Muncie,* 240 B.R. 725, 727 (Bankr.S.D.Ohio 1999). The fact that a grand jury indicted the plaintiff does not somehow absolve Guernsey Bank's motivation for bringing the complaint, particularly where the Franklin County Prosecutor did not conduct his own investigation to insure that the material representations made by the bank to the Worthington Police Department were, in fact, accurate. *See Emberton v. Lobb (In re Emberton),* 263 B.R. 817, 820 (Bankr.W.D.Ky.2001). The lack of an independent investigation is manifested by paragraphs five through ten of the Affidavit of John Graceffa, assistant prosecuting attorney.

■ The requirement espoused by the defendants that the plaintiff establish bad faith on the part of the Franklin County Prosecutor apparently stems from the abstention doctrine announced by the United States Supreme Court in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d

669 (1971). *Younger,* however, is inapplicable here because this Court had already exercised jurisdiction over the plaintiff at the time the state criminal proceeding was commenced. *See Winkler v. Rickert (In re Winkler),* 151 B.R. 807, 811 (Bankr. N.D.Ohio 1992) and *Howard v. Allard,* 122 B.R. 696, 700 (W.D.Ky.1991). In making this determination, the Court must reject the cases relied upon by the defendants which applied *Younger* notwithstanding the fact that no state criminal proceeding was pending when the debtor filed his bankruptcy petition. *See Barnette v. Evans,* 673 F.2d 1250, 1251–52 (11th Cir. 1982) and *Zervoudis v. Massachusetts State Lottery Commission (In re Zervoudis),* 246 B.R. 470, 474 (Bankr.Mass.2000).

In another case cited by the defendants, the bankruptcy court expressly left open the question of whether *Younger* applied in such an instance, but went on nonetheless to require a showing of bad faith on the part of the prosecutor before it would enjoin the state criminal proceeding. *In re McMullen,* 189 B.R. 402, 404–07 (Bankr.E.D.Mich.1995). Even that court, however, would consider imputing the motives of the complaining witness to the prosecutor when the latter did not make his own determination that prosecution was warranted. *Id.* at 412.

█ The Sixth Circuit has expressed in *dicta* that an injunction might be appropriate where the state criminal action seeks restitution for a discharged debt. *Daulton v. Caldwell (In re Daulton),* 966 F.2d 1025, 1028 (6th Cir.1992). Such an injunction is necessary to protect the integrity of the bankruptcy court and laws, as well as to prevent irreparable harm to the debtor, when the facts reveal that the criminal action was initiated for the purpose of collecting a debt which either was or could be discharged in bankruptcy proceedings. *Howard,* 122 B.R. at 699.

Based on the stipulations of counsel, the Court determines for purposes of the requested injunctive relief that defendant Guernsey Bank initiated the criminal proceeding in order to compel the plaintiff to pay a debt discharged in his chapter 7 case. Further, neither the investigation leading up to the prosecution nor the prosecution itself would have been commenced but for the actions of defendant Guernsey Bank. As a result, the Court concludes that injunctive relief is necessary to carry out the provisions of the Bankruptcy Code and in particular to give effect to the plaintiff's discharge. *See Ohio Waste Services, Inc. v. Fra–Mar Tire Services, Inc. (Matter of Ohio Waste Services, Inc.),* 23 B.R. 59, 60–61 (Bankr.S.D.Ohio 1982). This is especially important given the Franklin County Prosecutor's statement at the preliminary injunction hearing that he did not know whether the plaintiff would be able to raise a defense of discharge in bankruptcy to any proposed restitution order. *See Howard,* 122 B.R. at 700.

For the foregoing reasons, the Court **GRANTS** the plaintiff's application for a preliminary injunction and **DENIES** the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. It is **ORDERED** that the State of Ohio and the Franklin County Prosecutor are immediately enjoined from further prosecution of the plaintiff in case number 03 CR 7048 pending before the Franklin County Common Pleas Court. In accordance with Bankruptcy Rule 7065, no bond shall be required. This order shall remain in effect until the plaintiff's complaint is finally resolved upon the merits.

**IT IS SO ORDERED.**