**In the Matter of OHIO WASTE SERVICES, INC., Debtor.**

**OHIO WASTE SERVICES, INC., Plaintiff,**

v.

**FRA–MAR TIRE SERVICES, INC. et al., Defendants.**

**Bankruptcy No. 1–81–00397. Adv. No. 1–82–0004.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Sept. 3, 1982.

Jay A. Rosenberg, Porter, Wright, Morris & Arthur, Cincinnati, Ohio, for plaintiff.

W. Kenneth Zuk, Cincinnati, Ohio, for defendant-Fra-Mar Tire Services.

George E. Pattison, Clermont County Pros. Atty., Batavia, Ohio, for defendant.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff, debtor in possession, filed its petition for Chapter 11 relief on February 17, 1981. A criminal complaint has been filed in the courts of the State of Ohio against Joseph Osberger, an officer of plaintiff. The basis of the criminal complaint is that Osberger caused to be written as an officer of plaintiff, a check for payment to defendant against insufficient funds. In the present adversary proceeding, the relief sought by plaintiff is that an injunction be granted against the creditor Fra-Mar, as well as against the prosecutor in the criminal case, prohibiting further proceedings in the criminal action. Plaintiff grounds this complaint upon 11 U.S.C. § 105 which confers power upon this Court to issue any order necessary or appropriate to carry out the provisions of Title 11.

The following constitute the factual background. On January 16, 1981, debtor wrote a check in the amount of $3,223.95 payable to defendant Fra-Mar Tire Company. The check was signed by Gail Waters, a secretary employed by debtor. The check was dishonored. As we have seen, the bankruptcy filing was made on February 17, 1981. The creditor, Fra-Mar, thereafter objected to approval of the disclosure statement and also to confirmation on grounds that the debt owed them had been incurred through fraud and was therefore nondischargeable. On this basis, creditor asserted that it should be given a priority position. This Court overruled that objection at a hearing held on June 19, 1981.

W. Kenneth Zuk, Esq. then, on July 7, 1981 wrote a letter referring the matter for investigation to the prosecutor's office in Clermont County, Ohio. Zuk did this as part of his aggressive campaign to collect this debt on behalf of Fra-Mar. At that time, he believed that a criminal prosecution could be used as a vehicle to compel payment by debtor of the debt owed his client. Neither Zuk or Fra-Mar had any further involvement in the investigation conducted by the prosecutor's office, nor with the criminal complaint issued on December 21, 1981, as a result of the investigation undertaken at the instigation of Zuk's July 7, 1981 letter.

It should be noted for the record that at the trial, both plaintiff and defendant Fra-Mar were represented, as was the Clermont County prosecutor.

On these facts we have concluded that plaintiff should be granted the relief which it seeks and defendants will be enjoined from further action in the criminal prosecution against Joseph Osberger. Neither the investigation leading up to the prosecution, nor the prosecution itself would have been commenced but for the action taken by Mr. Zuk, attorney for Fra-Mar, in his efforts to collect the debt due Fra-Mar from debtor. Mr. Zuk's action of writing the letter to the prosecutor was in direct violation of 11 U.S.C. § 362(a)(1). While there is no way to recall that action, to vindicate the statute it is necessary to prevent so far as possible any consequences from accruing as a result of that action. *In Re Taylor,* 16 B.R. 323 (Bkrtcy. D. Maryland, 1981) at pages 325–26, collects the cases which hold "that in appropriate circumstances criminal proceedings may be enjoined on the basis of the

Bankruptcy Court's power under § 105 to issue any order necessary to carry out the provisions of the Bankruptcy Code" (p. 325), and that it is proper to enjoin a criminal proceeding where the purpose is to obtain payment of a debt in contravention of the Bankruptcy Laws (p. 326). See also, *In Re Strassmann,* 18 B.R. 346 (Bkrtcy.E.D.Pa. 1982).

The relief sought by plaintiff will be granted. We note that, notwithstanding the fact that a judgment has not been heretofore entered in this matter, George E. Pattison, Clermont County prosecuting attorney, has moved the Court to reconsider its decision announced orally at the hearing on July 19, 1982. The motion for reconsideration will be overruled. We note further that on August 4, 1982, Mr. Pattison filed Notice of Appeal from our decision. Though premature, the clerk will be instructed to regard the Notice of Appeal as properly filed.

The foregoing constitutes our findings of fact and conclusions of law in this case.