In re Brian James O'MALLEY and Christine Barbara O'Malley fdba Kirby Co. of Montgomery and Le Center, MN, Debtors.

Christine B. O'MALLEY, Plaintiff,

v.

Don RARER, James Soulek, Wilmar Tiede, and Donna Whade, Defendants.

Bankruptcy No. 3–87–3392.
Adv. Nos. 3–88–60, 3–88–61, 3–88–62 and 3–88–63.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Aug. 24, 1988.

---

418

Patrick J. Moriarty, New Ulm, Minn., for plaintiff O'Malley.

Richard C. Perkins, Le Sueur, Minn., for defendants Rarer, Tiede and Whade.

MEMORANDUM ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT OR DEFAULT JUDGMENT, AND GRANTING SUMMARY JUDGMENT TO DEFENDANTS.

GREGORY F. KISHEL, Bankruptcy Judge.

These adversary proceedings came on before the Court at Mankato, Minnesota, on June 21, 1988, for hearing on Plaintiff's motions for summary judgment in ADV 3–88–60, 3–88–62, and 3–88–63, and for default judgment in ADV 3–88–61. Plaintiff appeared by her attorney, Patrick J. Moriarty. Defendants Rarer, Tiede, and Whade appeared by their attorney, Richard C. Perkins. There was no appearance by or on behalf of Defendant Soulek. On the moving and responsive documents, the other pleadings on file in all of these adversary proceedings, and relevant pleadings and proceedings in Plaintiff's Chapter 7 bankruptcy case, the Court denies Plaintiff's motions in all four adversary proceedings, and grants summary judgment to all four Defendants.

Plaintiff, joining with her then-husband Brian J. O'Malley, filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court on November 13, 1987. All of the defendants in these adversary proceedings are scheduled creditors of Plaintiff. None of the defendants commenced adversary proceedings for determination of dischargeability of debt. Plaintiff received a discharge under Chapter 7 via this Court's Order of March 1, 1988.

All of the defendants in these adversary proceedings are actual or possible complainants in criminal proceedings against Plaintiff, which are or may be venued in Minnesota State District Court for the First Judicial District, LeSueur County. On February 24, 1988, that Court adjudged Plaintiff guilty of theft by swindle or false representation under one or more of the provisions of MINN.STAT. § 609.52 subd. 2, (3)(a), (4), and (5)(a), in proceedings in which Defendants Tiede and Whade were the complainants. Defendant Rarer apparently has complained to LeSueur County law enforcement officers that Plaintiff committed a theft by swindle or false representation upon him, and an Assistant LeSueur County Attorney has advised Plaintiff's bankruptcy counsel that criminal prosecution is likely. There is no evidence of record that Defendant Soulek has made any formal or informal complaint upon which criminal proceedings could be commenced, though Plaintiff summarily alleges in her complaint that he has "resort[ed] to law enforcement agencies, including LeSueur County Sheriff and the LeSueur County Attorney's offices ..."

In her prayers for relief in all of these adversary proceedings, Plaintiff requests injunctive relief from this Court restraining the named individual defendants from "re-

ceiving or accepting in any matter any restitution, repayment, or compensation for the debt which existed between" Plaintiff and the named defendants pre-petition, and from "[a]ssigning or attempting to assign to any other person, entity, or government, any beneficial interest or claim of interest in the debt duly scheduled by Plaintiff ..." Plaintiff's counsel argues that, if this injunctive relief is not granted, all of the individual defendants will make use of the criminal process to enforce Plaintiff's private, pre-petition (and, now, discharged) debts to them. Plaintiff does not seek an injunction directly restraining LeSueur County law enforcement or prosecutorial officers, or Minnesota State judicial officers, from carrying out any official functions in connection with any prosecution.

On May 31, 1988, in the criminal proceeding commenced on complaint of Defendants Tiede and Whade, the State District Court (Schmidt, J.) ordered Plaintiff to make restitution in the total sum of $4,375.00 to Tiede and Whade within three years. Judge Schmidt made a determination on the basis of a presentence investigation report prepared by the Minnesota Department of Corrections, and found that those individuals had sustained loss as a result of Plaintiff's criminal behavior. In an attached memorandum, Judge Schmidt specifically rejected Plaintiff's argument that her intervening grant of discharge in bankruptcy prevented him from imposing a restitution obligation as part of the disposition of the criminal proceeding. *See State v. O'Malley*, File No. C–1148, Sentencing Order and Memorandum (Minn.D.Ct., 1st J.D., May 31, 1988).

Plaintiff now moves this Court for entry of judgment against the four defendants to these adversary proceedings. The question presented is succinctly stated: Does a creditor of a debtor in bankruptcy, which creditor is also the complainant in state court criminal proceedings premised upon the events which gave rise to the debtor's debt to him, violate the discharge injunction of 11 U.S.C. § 524(a) by being personally involved in the post-conviction disposition of that criminal proceeding, to the extent of participating in post-conviction sentencing proceedings, accepting restitution, or assigning his interest in the debt to a governmental agency for purposes of enforcing a restitution order?

The analysis of this questions necessarily begins with the Supreme Court's "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings," and its recognition "that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 47, 48, 107 S.Ct. 353, 360, 361, 93 L.Ed.2d 216 (1986). The Bankruptcy Code embodies these policies in part by excepting "the commencement or continuation of a criminal action or proceeding against the debtor" from the operation of the automatic stay during the pendency of a bankruptcy case. 11 U.S.C. § 362(b)(1). The § 362(b)(1) exception sprang from Congress's recognition that "[t]he bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension." H.R.REP. No. 595, 95th Cong., 1st Sess. 342 (1977); S.REP. No. 989, 95th Cong., 2d Sess. 51–2 (1978) U.S.Code Cong. & Admin.News 1978 pp. 5787, 5837, 5838, 6298; *In re Almodovar*, 35 B.R. 289, 291 (Bankr.D.P.R.1983).

Notwithstanding the foregoing authorities, in the early years of the Bankruptcy Code a few Bankruptcy Courts restrained creditor-complainants—and, on rare occasion, state prosecutorial authorities—from initiating or continuing criminal process against debtors in bankruptcy, after concluding that the prosecutions were no more than thinly-disguised "act(s) to collect, assess, or recover ... claim(s) against the debtor," stayed by operation of 11 U.S.C. § 362(a)(6). *See, e.g., In re DeLay*, 25 B.R. 898 (Bankr.W.D.Mo.1982), *rev'd in part*, 48 B.R. 282 (W.D.Mo.1982); *In re Ohio Waste Services, Inc.*, 23 B.R. 59 (Bankr.S.D.Ohio 1982); *In re Taylor*, 16 B.R. 323 (Bankr.D. Md.1981). The courts granting such extraordinary relief have done so based on unequivocal evidence that the complainant

initiated the criminal proceeding intending only to obtain payment of a private debt which the complainant knew would be discharged in bankruptcy. *In re DeLay*, 25 B.R. at 902; *In re Ohio Waste Services, Inc.*, 23 B.R. at 60. *See also In re Butler*, 74 B.R. 106 (W.D.Mo.1985) (decided in context of debtor's proceeding to have complainant-creditor found in contempt of Bankruptcy Court). In cases involving grants of injunctive relief against prosecutors, the Bankruptcy Court so ordered where the prosecutor knew the complainant's motivation and undertook in one respect or another to advance it, usually by overtly offering to "drop the charges" if the debtor/defendant paid the debt. *In re DeLay*, 25 B.R. at 901–02; *In re Taylor*, 16 Bankr. at 325.[1]

The adversary proceedings at bar differ —though not materially—from these cases, in that the prosecutions here were commenced or threatened post-discharge, after the dissolving of the bankruptcy stay under § 362(a). Debtor has been adjudicated guilty of theft from two of the complainants. She does not seek to enjoin the other two complainants from further complaining to the LeSueur County authorities, participating in the investigative process, testifying at trial, or otherwise taking any action to bring about convictions. Rather, she now seeks to restrain all of the complainants from participating in any post-conviction state-court process by which she may be ordered to make restitution to them. She bases her request for relief on the "discharge injunction" of 11 U.S.C. § 524(a)(2), which largely tracks the language of § 362(a)(1).

Plaintiff's argument—that the "fresh start" goals embodied in the discharge injunction of 11 U.S.C. § 524(a) compel entry of judgment in her favor—fails for three reasons.

First, to the extent that Plaintiff alleges that Defendants and/or the Le Sueur County authorities are abusing the criminal process to circumvent her Chapter 7 discharge, she has failed to produce any evidence that any party to the prosecutions was so motivated. The federal courts' customary reluctance to interfere with state-court criminal process may be overcome in the bankruptcy context by a showing that the prosecution is directed toward a circumvention of bankruptcy remedies, but the evidence of that motivation must be clear and unequivocal. Here, Plaintiff has brought forward no evidence bearing on any Defendant's motivation for prosecution, whether via a damning admission, an unconvincing and self-serving denial, or a pattern of circumstantial evidence which in its entirety would support a finding on the issue. On the sparse record before this Court, the only possible conclusion is that the Tiede and Whade prosecutions were commenced and concluded by those complainants and a prosecutor acting in good faith and fully in compliance with state statute, rule, and guideline for prosecution. The only possible conclusion as to prosecutions on complaint of Rarer and Soulek, to the extent they may be commenced and concluded, is the same. Plaintiff has simply failed to make out a *prima facie* case for the granting of the extraordinary relief which she requests.[2]

Second, it is clear that Plaintiff's liability under any restitution order which the Le Sueur County District Court may enter in any criminal case initiated on the complaint of any of these four defendants was excepted from Plaintiff's Chapter 7 discharge by operation of 11 U.S.C. § 523(a)(7). That statute excepts from discharge any debt:

---

**1.** *In re Taylor* involved the more extreme—and ethically tenuous—situation of a part-time prosecutor who also represented the complaining creditor in his debt-collection effort against the debtor.

**2.** The fact that Minnesota law provides that "[a]n order for restitution may be enforced by any person named in the order to receive the restitution in the same manner as a judgment in a civil action," and that a restitution order is docketed in state District Court as a civil judgment—*see* MINN.STAT. § 611A.04 subd. 3—does not change the conclusion. Notwithstanding the collateral civil effects granted by statute, it is clear that a restitution order can be made only as part of a criminal disposition, and only after an investigatory and fact-finding process by the state court. MINN.STAT. §§ 611A.04 subd. 1 and 611A.045.

to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ...

For bankruptcy purposes, "debt" is defined as "liability on a claim." 11 U.S.C. § 101(11). Again for bankruptcy purposes, "claim" is defined as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, ... matured, unmatured, disputed, undisputed, legal, [or] equitable ..." 11 U.S.C. § 101(4). A Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief [3] under [Chapter 7]," unless those debts are excepted from discharge under § 523. The events giving rise to Defendants' criminal complaints against Plaintiff were certain loan transactions and tenders of checks, all of which occurred before she filed for bankruptcy. The very broad definition of "claim" in § 101(4) makes it clear that any potential liability she had under any state-court restitution order which might be premised on pre-petition events also constitutes a "claim" and, therefore, a "debt" for bankruptcy purposes. This is so notwithstanding the fact that criminal proceedings either had not been commenced, or had not proceeded to the dispositional stage, before her bankruptcy filing. Reasoning on the basis of a similar definitional analysis,[4] the Supreme Court held in *Kelly v. Robinson* "that § 523(a)(7) preserves from discharge *any* condition a state criminal court imposes as part of a criminal sentence," specifically including "a criminal judgment that takes the form of restitution." 479 U.S. at 50, 52, 107 S.Ct. at 361, 362 (emphasis added). As such, then, Plaintiff's liability under any restitution order which has been or may be entered in any criminal proceeding based upon pre-petition events was excepted from discharge. At this point, parties-in-interest to criminal proceedings against her are not longer restrained or enjoined by the pendency of Plaintiff's bankruptcy case from participating in the dispositional process.

Third—and to some extent, previously noted—Plaintiff has failed to show any reason why this Court should infringe on the Le Sueur County District Court's prerogatives in the process of sentencing and criminal disposition. In *Kelly v. Robinson,* the Supreme Court strongly emphasized that the bankruptcy courts should not "hamper the flexibility of state criminal judges in chosing the combination of imprisonment, fines, and restitution most likely to further the rehabilitative and deterrent goals of state criminal justice systems." 479 U.S. at 49, 107 S.Ct. at 360 (footnote omitted). Here, the LeSueur County District Court should enjoy full latitude to structure appropriate sentences—with the full participation of the victims, and without the hindrance of this Court's bar to, or limitation on, such participation. The allegations in Plaintiff's four complaints [5] suggest that she engaged in similar conduct on several occasions, two of which have already resulted in convictions of theft by swindle. The pattern of conduct here (including two incidents in which the State was able to prove criminal intent beyond a reasonable doubt) has properly caused grave concern to the state officials involved. Those officials and the state court are charged with safeguarding the public and with promoting Plaintiff's rehabilitation. This Court will not hamper the rehabilitative process by allowing Plaintiff to invoke her discharge in bankruptcy as a shield against every last consequence of her actions. The four defendants to these adversary proceedings are free to participate fully in all

---

**3.** Plaintiff's case was a voluntary case and, hence, the commencement of that case via Debtors' filing of their petition constituted an order for relief under Chapter 7. 11 U.S.C. § 301.

**4.** *Kelly v. Robinson* involved a debtor whose guilt had been adjudicated and whose restitution obligation had been fixed before bankruptcy. The foregoing analysis demonstrates that the different state-court procedural posture does

not distinguish *Kelly v. Robinson* from the matters at bar.

**5.** and a fifth. On May 4, 1988, Plaintiff commenced another adversary proceeding, ADV 3–88–96, against one Elmer Schmidthuber, seeking identical relief on very similar fact allegations.

phases of the state criminal process, without fear of this Court's interference.

On the basis of the foregoing analysis, the Court has concluded that Plaintiff is *not* entitled to an entry of judgment against any of the four named defendants. For some unknown reason, counsel for Defendants Rarer, Tiede, and Whade did not make a cross-motion for summary judgment or dismissal, and did not even request that relief at hearing. Notwithstanding, a federal court may, acting *sua sponte*, grant summary judgment for a non-moving party, where, on consideration of the moving party's summary judgment motion, it concludes that there is no genuine issue of material fact, that the moving party is not entitled to judgment as a matter of law, and that, had the non-moving party so moved, it would be entitled to judgment as a matter of law. *Portsmouth Square, Inc. v. Shareholders Protective Committee,* 770 F.2d 866, 869 (9th Cir.1985); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 311 (9th Cir.1982); *In re Marvin Properties, Inc.,* 76 B.R. 150, 152 (Bankr. 9th Cir.1987). There is no triable fact issue on the record as presented by Plaintiff. Plaintiff is not entitled to the relief which she requests, as a matter of law. Defendants are entitled to judgment as a matter of law, concluding that they are free to participate in the dispositional process and to receive court-ordered restitution from Plaintiff through it. As an unequivocal and final disposition of the issues raised by Plaintiff's complaints, and for the benefit of all interested parties, this Court will enter judgment for all four defendants.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. That Plaintiff's motions for summary judgment in ADV 3–88–60, 3–88–62, and 3–88–63, and for default judgment in ADV 3–88–61, are denied in their entirety.

2. That Defendants are *not* restrained and enjoined by operation of the "discharge injunction" of 11 U.S.C. § 524(a) from receiving or accepting any restitution, repayment, or compensation for any pre-petition debt owing by Plaintiff to Defendants, to the extent that that restitution, repayment, or compensation is ordered or made in connection with any criminal prosecution of Plaintiff in the Minnesota State Courts premised upon acts or occurrences which took place prior to the commencement of Plaintiff's Chapter 7 bankruptcy case.

3. That Defendants are *not* restrained and enjoined by the operation of the "discharge injunction" of 11 U.S.C. § 524(a) from assigning or attempting to assign to any other person, entity, or government, any beneficial interest or claim of interest in any pre-petition debt of Plaintiff to defendants, so long as that assignment is made or attempted in connection with any state court prosecution of Plaintiff in the Minnesota State Courts premised upon acts or occurrences which too place prior to the commencement of Plaintiff's Chapter 7 bankruptcy case.

LET JUDGMENT BE ENTERED IN ACCORDANCE WITH TERMS 2 and 3 OF THIS ORDER.