**In re Darin Leslie SULLIVAN, Debtor.**

**Joseph RADERMACHER, Plaintiff,**

**v.**

**Darin Leslie SULLIVAN, Defendant.**

**Bankruptcy No. 3–89–394.**
**Adv. No. 3–90–70.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 7, 1991.

Kurt M. Anderson, Bergeson, Lander, and Megarry, P.A., Bloomington, Minn., for plaintiff.

James L. Berg, Chaska, Minn., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF ON ISSUES OF LIABILITY FOR, AND AMOUNT OF, DEBT

GREGORY F. KISHEL, Bankruptcy Judge.

This adversary proceeding for determination of dischargeability came on before the Court on December 11, 1990, for hearing on Defendant's "Motion to Determine Effect of State Court Judgment." Defendant appeared by his attorney, James L. Berg. Plaintiff appeared by his attorney, Kurt M. Anderson. Upon the moving and responsive documents, the record made at the hearing, and the briefs and argument of counsel, the Court makes the following order.

Defendant is a debtor under Chapter 7 in this Court, having filed a voluntary petition for bankruptcy relief on January 29, 1990. In 1987, Plaintiff sued Defendant in the Minnesota State District Court for the First Judicial District, Scott County. Defendant did not interpose an answer or otherwise appear in that lawsuit. On August 17, 1988, Plaintiff moved for default judgment. The Court (Atkins, J.) granted the motion. Judgment, supported by and embodied in written findings of fact and conclusions of law, was entered on the same date. In the judgment, Judge Atkins

concluded that Defendant had "unlawfully battered" Plaintiff on or about January 12, 1986, and was liable to Plaintiff for damages in the sum of $20,000.00, plus taxable costs and disbursements. Defendant never took an appeal from this judgment.

■ After Defendant's bankruptcy filing, Plaintiff timely commenced this adversary proceeding for determination of dischargeability. He seeks the judgment of this Court determining that the debt evidenced by his judgment against Defendant is excepted from discharge in bankruptcy by operation of 11 U.S.C. § 523(a)(6).[1] Defendant answered by way of general denial, and a pleading of "the defense of self-defense." At the Rule 16 scheduling conference in this adversary proceeding, Defendant's counsel raised the issue of whether the entry of the state-court judgment now barred Defendant from denying that he was liable to Plaintiff in the full amount of that judgment. At the Court's suggestion, this motion[2] followed.

■ The question is whether the doctrine of *res judicata*, or "claim preclusion," bars the relitigation of the existence and the amount of Defendant's debt to Plaintiff, given the entry of judgment in the Scott County District Court lawsuit.[3] Under the doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 707 (8th Cir.1979) (citing *Montana v.*

1. In pertinent part, that statute provides:
   (a) A discharge under section 727 ... of [Title 11] does not discharge an individual debtor from any debt—

   .       .       .       .       .

   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity ...

2. Defendant's counsel has not styled this motion under any particular procedural rule. To be entirely fair to him, at the scheduling conference the Court was somewhat at a loss to categorize the motion. After considering the matter, the Court has concluded that this motion is actually one for summary judgment under BANKR.R. 7056 and FED.R.CIV.P. 56; what Defendant really seeks is an adjudication, as an matter of law, on the availability of his defense that he does not owe the debt which Plaintiff asserts to be nondischargeable, or at least that he does not owe the full amount adjudged in state court. There is no genuine issue as to the material facts, which consist of the procedural

histories of the state-court litigation and the present adversary proceeding; thus, the matter is ripe for summary adjudication. FED.R. CIV.P. 56(c), *as incorporated by* BANKR.R. 7056. Even though Plaintiff did not formally move for summary judgment on the issues presented, the Court has the inherent power to grant summary judgment in his favor if he is entitled to judgment as a matter of law on the uncontested facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Interco Inc. v. Nat'l Surety Corp.*, 900 F.2d 1264, 1268 (8th Cir.1990); *In re Mid-City Hotel Assoc.*, 114 B.R. 634, 645–46 (Bankr.D.Minn.1990); *In re O'Malley*, 90 B.R. 417, 422 (Bankr.D.Minn.1988).

3. Plaintiff's counsel fully acknowledges that collateral estoppel, or "issue preclusion," does not bar the relitigation of various factual issues, particularly the elements of "willfulness" and "malice" which are predicates to nondischargeability under § 523(a)(6). The differing stan-

*United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). *Res judicata* bars relitigation of *all* claims and defenses which were available to the parties in previous litigation involving the same subject matter, whether the parties asserted them and whether the court in the earlier proceeding determined them. *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); *Kapp v. Naturelle, Inc.,* 611 F.2d at 707. So long as the claims between the parties *could* have been litigated in the prior action, they will be barred in a subsequent lawsuit. *Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983).

■ *Res judicata* applies if its proponent demonstrates three elements: 1. The prior judgment was rendered by a court of competent jurisdiction; 2. The prior judgment was a final judgment on the merits; and 3. The same cause of action and the same parties or their privies were involved in both cases. *United States Environmental Protection Agency v. City of Green Forest,* 921 F.2d 1394, 1403 (8th Cir.1990); *Murphy v. Jones,* 877 F.2d 682, 684 (8th Cir.1989); *Headley v. Bacon,* 828 F.2d 1272, 1274 (8th Cir.1987); *Lovell v. Mixon,* 719 F.2d at 1376. So long as the entering court had personal and subject-matter jurisdiction over the prior litigation, and so long as the earlier judgment was not procured by fraud or collusion, even a default judgment may satisfy the second element. *Kapp v. Naturelle, Inc.,* 611 F.2d at 707, and cases cited therein. *See also In re Johnson,* 13 B.R. 342, 346 (Bankr.D.Minn.1981).

The main component of the parties' dispute which is before the Court in this motion is the issue of damages—the amount of the debt for which Defendant is liable to Plaintiff.[4] As to this issue, Plaintiff is correct; all of the elements for the invocation of *res judicata* are present, and Defendant is precluded from relitigating this issue.

Defendant does not collaterally challenge the jurisdiction of the Scott County District Court over him, and over the battery cause of action which was the subject of Plaintiff's first lawsuit. The fixing and liquidation of the debt was the central purpose of the earlier lawsuit; it also is the subject of the defense at issue in this motion. There was absolutely no difference in the factual predicate for this defense, had Defendant raised it in the state court, from that which he intends to present here; thus, the claims are identical. *Murphy v. Jones,* 877 F.2d at 684–85. *See also A. Musto Co., Inc. v. Satran,* 477 F.Supp. 1172, 1176 (D.Mass.1979) ("The critical inquiry in determining whether two claims are identical for *res judicata* purposes is whether the facts underlying the claims are identical.") There is an identity of parties.

■ The key issue which the parties have argued is the propriety of using a default judgment to satisfy the finality requirement. Under the binding authorities cited above, however, Plaintiff's judgment in Scott County District Court is not deprived of its finality merely because the Court rendered it by default; Defendant had full opportunity to litigate the amount of Plaintiff's damages in the original lawsuit, and his failure to do so there bars him from now joining the issue in this Court.[5]

■ Though the parties have not expressly argued the preclusive effect of the state-court judgment on Defendant's pleaded affirmative defense of self-defense, in the interests of judicial economy the issue should be addressed at this point in this litigation. Under Minnesota law, this defense is available in a tort action for damages under a battery theory. *See Guyer v. Smullen,* 160 Minn. 114, 199 N.W. 465

---

dards of proof and the noncommonality of elements as between the state-law claim and the dischargeability claim dictate this conclusion. *See, e.g., In re Garner,* 881 F.2d 579, 581–82 (8th Cir.1989) (appeal to Supreme Court on issue of standard of proof pending, and under advisement); *Schwartz v. Renville Farmers Co-op Credit Union,* 44 B.R. 266, 268–69 (D.Minn. 1984). *Compare In re Miera,* 104 B.R. 150 (Bankr.D.Minn.1989) (appeal to Eighth Circuit pending).

4. Though it was not addressed by the parties, the Court has taken cognizance of another issue —Defendant's pleading of "self-defense" as a defense to his liability—and has disposed of it. *See* pp. 723–724, *infra.*

5. Defendant did not argue the difference in standards of proof between Plaintiff's two theories in support of this motion; however, some discussion of this issue is appropriate. As stated in the cases cited in n. 3, the defendant-debtor in a dischargeability proceeding is not preclud-

(1924). As its factual basis lies in the same incident which gives rise to the plaintiff's cause of action, however, it is an affirmative defense to liability which must be joined and litigated in the plaintiff's action. *See* MINN.R.CIV.P. 8.03. Under the authorities previously cited, Defendant is precluded from interposing this defense here; he fully could have—and should have—raised it in Scott County District Court, and he is now bound by that court's determination.[6]

Defendant's debt to Plaintiff has been fixed and liquidated, and will not be at issue in the trial of this adversary proceeding. The sole issue will be the dischargeability of that established debt. This result is fully appropriate; after all, the major function of the Bankruptcy Court in an adversary proceeding under 11 U.S.C. § 523(a), and the only one which is explicitly contemplated by the Bankruptcy Code, is to determine whether the subject debt is excepted from discharge. *See In re Hauser,* 72 B.R. at 167.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant is barred by the doctrine of *res judicata* from contesting the existence, validity, and amount of his debt to Plaintiff, as that debt was evidenced and finally adjudicated in the judgment entered in the Minnesota State District Court for the First Judicial District, Scott County, on August 17, 1988, under the caption of *Radermacher v. Sullivan,* Court file no. 88–07249.

LET JUDGMENT BE ENTERED ACCORDINGLY.

ed from relitigating certain factual and legal issues which may have been essential to the rendering of a prior state-court judgment in favor of his plaintiff-creditor; the more stringent federal requirement of clear and convincing evidence prevents the application of collateral estoppel to the elements of nondischargeability which are at issue in the proceeding in bankruptcy court. To the extent that Defendant might argue that the difference in standards of proof frees him from the bar of preclusion and allows him to reargue the issue of damages, however, he is without legal support. The federal standard of proof applies only to the statutory elements specified under §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6). It does not apply to the elements of the underlying debt, including its amount; as to these matters, only proof by a preponderance of the evidence is required, and a prior state-court judgment predicate on such proof properly activates the bar of collateral estoppel as to the underlying, individual fact questions. *In re Hauser,* 72 B.R. 165, 167 (Bankr.D.Minn.1985).

**6.** This is not to say that Defendant is barred from relitigating certain factual issues. Questions of subjective states of mind—the knowledge or reasonable belief that Plaintiff would inflict serious bodily harm on Defendant if he were not stopped by a presumptive battery, for instance—may have borne on the state-law defense, and certainly bear on the § 523(a)(6) elements of "willfulness" and "malice." *Res judicata* does indeed bar the raising of the full state-law defense at this point; however, given the more stringent federal standard of proof, collateral estoppel does not bar the relitigating of such fact issues which may be common to the state-law defense and Defendant's denial of "willfulness" and "malice" in the § 523(a)(6) sense. *See* authorities cited and applied at nn. 3 and 5 *supra.*