**In re Edgar Curtis WINKLER, Debtor.**

**Edgar Curtis WINKLER, Plaintiff,**

**v.**

**Jon E. RICKERT, et al., Defendants.**

**Bankruptcy No. 91–60672.**
**Adv. No. 91–6161.**

United States Bankruptcy Court,
N.D. Ohio.

Oct. 26, 1992.

James R. Kandel, James P. Adlon, Canton, OH, for plaintiff.

John S. Gillig, Asst. Atty. Gen., Frankfort, KY, Jeffrey L. England, Commonwealth Atty. for the 9th Judicial Dist., Elizabethtown, KY, for defendants.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

This adversary proceeding was initiated when Edgar Curtis Winkler, (Debtor), filed a Complaint seeking to enjoin a criminal prosecution pending in the State of Kentucky. The Debtor also filed a motion requesting a temporary restraining order and preliminary injunction on August 12, 1991. The court granted the Debtor's motion (the preliminary injunction is currently in effect) upon finding "reasonable cause to believe that the debtor will be irreparably harmed." Dwight Preston, then the attorney for the Ninth Judicial District of the Commonwealth of Kentucky, (Movant), filed a Motion for Summary Judgment on October 16, 1991, requesting that the court overrule the Debtor's motion for a permanent injunction and dissolve the preliminary injunction. The Debtor responded to the Commonwealth's motion in December, 1991 and a decision was rendered by this court in January, 1992. The motion to dissolve the preliminary injunction was denied because the court found that the case was not ripe for summary disposition, based on its conclusion that issues of fact regarding the motivation for the prosecution remained.

On September 17, 1992, the court granted Movant leave to file a Renewed Motion for Summary Judgment. A hearing was held, the Movant and the Debtor briefed the matter, and it was taken under advisement on September 28, 1992.

The court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FACTS

The facts will be repeated as found in this court's January 29, 1992 Memorandum of Decision on this matter.

Debtor and John E. Rickert (Rickert), an attorney and former Kentucky legislator who is also a defendant in this action, were parties to a 1988 construction contract and joint venture agreement concerning the construction of a Comfort Inn Motel in Elizabethtown, Kentucky. Rickert agreed to finance the project, to be built on his property by Debtor's business, E.C. Winkler Construction Co., Inc.

A dispute developed between Rickert and Debtor over payments of subcontractors and materialmen involved with the project.

On July 5, 1989, Rickert and his wife brought a civil action in the Wayne County, Ohio Court of Common Pleas against Debtor, E.C. Winkler Construction Co., Inc. and P.E.G. Construction Company. The allegations included breach of contract and fraud. Relief requested included compensatory damages, an accounting, declaration of breach and termination of the contract, and imposition of a constructive trust. Rickert concurrently contacted Movant concerning possible criminal action against Debtor. On October 11, 1989, the grand jury of Hardin County, Kentucky handed down an indictment charging Debtor with a violation of Ky.Rev.Stat.Ann. § 514.070 (Michie/Bobbs–Merrill 1990), Theft by Failure to Make Required Disposition of Property over $100,000.00. Movant was in contact with J. Douglas Drushal, attorney for Rickert in the Wayne County action. Both actions were continued for various reasons, which do not appear from the pleadings filed to involve any collusion. However, in May, 1990 Movant wrote Drushal concerning an offer "to Mr. Winkler's defense attorney to allow [Winkler] to plead guilty"

to which no reply had been made and the possibility that if the civil litigation preceded the criminal case, Debtor might assert his Fifth Amendment rights in a way inimical to the criminal trial. Drushal appended this letter to a motion for continuance of the May 30, 1990, civil trial. On May 25, 1990, the Rickerts dismissed the civil action without prejudice.

In September, 1990 Movant proposed a dismissal of the criminal action for a payment to Rickert in the $100,000.00 to $125,-000.00 range, pending court approval. The parties reached a satisfactory plea bargain and presented it to the judge, who refused to approve the plea bargain without Rickert's consent. Affidavit of Kim F. Quick. Movant informed the judge that the prosecution, not the victim, controlled the decision concerning restitution. Affidavit of Dwight Preston. Rickert demanded payment of $175,000.00 and the plea bargain was never completed. Debtor filed his Chapter 7 petition on March 22, 1991, scheduling Rickert as a creditor. Rickert did not timely file a proof of claim or any action to determine dischargeability of his debt. Debtor filed this adversary proceeding July 26, 1991, and the preliminary injunction issued August 12, 1991. The only subsequent development in the case which is relevant is that the Hardin County prosecutor, Dwight Preston, has resigned and has been replaced by Jeffrey L. England. Mr. England has evaluated the case against the Debtor and has decided to proceed with the prosecution.

## DISCUSSION

Standards on summary judgment under Fed.R.Civ.P. 56, are made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056. Rule 56 provides for a grant of summary judgment as follows:

(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). The ultimate burden of demonstrating the existence of a genuine issue of material fact, however, lies with the nonmoving party. *J.C. Bradford,* 886 F.2d at 1477. *See also, First National Bank v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" F.R.Civ.Proc. 56(e) (emphasis added). Where the record taken as a whole could not lead a rational trier fact to find for the nonmoving party, there is no "genuine issue for trial."

*Matsushita Electric Industrial Co., LTD v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations and footnotes omitted).

This case is ripe for summary disposition despite the later developments regarding the Hardin County Prosecutor's Office. The fact that the former Hardin County prosecutor, Dwight Preston, has resigned and been replaced by Jeffrey L. England is not disputed. What is disputed is the effect of that change. The Debtor would have the court infer that the personnel change has no effect on the nature of the prosecution. The original prosecution was brought with the intent to collect a debt, and therefore, says the Debtor, despite a subsequent evaluation by the new prosecutor, its continuation is motivated by the same intent. The Commonwealth of Kentucky argues in support of its Motion that because the Debtor was indicted by the Hardin County grand jury and because

a new prosecutor has conducted an independent evaluation of the case, the court should infer that any intent to collect a debt found in the prior prosecution has been eliminated and that the present prosecution is not tainted by the former. " 'On summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion,' " *Matsushita Electric* at 587, 106 S.Ct. at 1356. Therefore, while the Debtor's inference that the current prosecution is tainted by the former's motivation must be accepted by the court, that acceptance is not dispositive of the case.

■ The Hardin County grand jury indicted the Debtor on October 11, 1989, and he filed for protection under Chapter 7 of Title 11 of the United States Code on March 23, 1991, seventeen months later. The decision in this case, therefore, is controlled by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny. *Younger* applies only when state proceedings are pending prior to the initiation of any federal action or when the state proceeding has commenced before any activity on the merits of the federal action has occurred. *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1977). Many of the bankruptcy cases which discuss enjoining state criminal proceedings are not on point because the state actions were not pending when bankruptcy was commenced. *Brinkman v. Edina*, 123 B.R. 318 (Bankr.D.Minn.1991) (Chapter 7 filed February 7, 1990, prosecutor filed complaint February 27, 1990); *Howard v. Allard*, 122 B.R. 696 (W.D.Ky.1991) (Chapter 7 filed June 22, 1989, demand letter from prosecutor sent June 28, 1989 and prosecution brought afterward, debtor prosecuted under Ky.Rev.Stat.Ann. § 514.-090); *In re Jerzak*, 47 B.R. 771 (Bankr. W.D.Wis.1985) (Chapter 11 filed June 11, 1984, indictment issued December 11, 1984); *In re Allman*, 43 B.R. 840 (Bankr. D.Col.1984) (Chapter 13 dismissed and Chapter 7 filed on February 10, 1983, indictment issued April 5, 1983); *In re Padgett*, 37 B.R. 280 (Bankr.W.D.Ky.1983) (bankruptcy filed, October 1, 1981, grand jury indictment, March 16, 1982); *In re Whitaker*, 16 B.R. 917 (Bankr.M.D.Tenn. 1982) (bankruptcy filed August 1, 1980 and criminal proceedings instituted shortly after debtor's discharge); *In re Ohio Waste Services, Inc.*, 23 B.R. 59 (Bankr.S.D.Ohio 1982) (Chapter 11 filed February 17, 1981, criminal complaint issued December 21, 1981).

■ The law which applies to this case due to *Younger's* application creates large obstacles which must be overcome to maintain an injunction of a pending state criminal proceeding. First, there must be a statutory exception to the Anti–Injunction Act, 28 U.S.C. § 2283. *Younger*, 401 U.S. at 43, 91 S.Ct. at 750. It is well settled that such an exception is found in 11 U.S.C. § 105(a) which permits bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title...." *See also* Collier on Bankruptcy ¶¶ 105.01, 105.04 (15th ed. 1992). Second, the policy supporting equitable abstention by the federal court, immediate and irreparable injury which cannot be avoided through a single proceeding, must be shown. *Younger* at 43–44, 45–46, 91 S.Ct. at 750, 751. Additionally, the injunction must not "unduly interfere" with states' interests, typically expressed as "comity," i.e., a proper respect for state functions. *Id.* at 44, 91 S.Ct. at 750. Lastly, *Younger* also permits injunctions, notwithstanding the policy favoring equitable abstention, when the state prosecution is brought in bad faith or purposely to harass, when the state statute is patently unconstitutional in every clause and phrase, or when other unusual circumstances exist. *Id.* at 53–54, 91 S.Ct. at 755.

■ The first matter which the court will address is equitable abstention. The Debtor argues that he will suffer irreparable injury which cannot be avoided in the single state court action. This is because he may be forced to forego a plea bargain which includes restitution or because Kentucky mandates restitution prior to obtaining probation or conditional release, Ky. Rev.Stat.Ann. § 533.030(3) (Michie/Bobbs–

812

Merrill 1990). The court disagrees with the Debtor's argument.

The immediate irreparable harm the Debtor is attempting to avoid does not rise to the level required by *Younger*. The type of harm which *Younger* addresses is that which is greater than "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution...." *Younger*, 401 U.S. at 46, 91 S.Ct. at 751. Before the Debtor will be irreparably harmed "in the special legal sense of that term," *Id.*, he will have to have been convicted, offered probation or conditional release, and be prevented from paying any restitution because of his discharge in this court. Only then will there be a clash between the Bankruptcy Code and the Kentucky criminal law. The same holds true regarding a possible plea bargain. Predicaments similar to the one in which the Debtor finds himself have been held not sufficiently immediate to warrant enjoining pending state criminal proceedings. *See Barnette v. Evans*, 673 F.2d 1250, 1252 (11th Cir.1982); *In re Ropietski*, 101 B.R. 437 (Bankr.M.D.Pa.1989).

If the Debtor had been convicted, and probation or conditional discharge had been offered, or if he had entered into a plea bargain and was prohibited from paying because of his bankruptcy, a different result might be obtained. *See Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) (default judgment had been entered, the debt had been discharged, and the debtors' drivers' licenses had been suspended due to nonpayment); *Birk v. Simmons*, 108 B.R. 657 (Bankr. S.D.Ill.1988) (prior to filing, Chapter 13 debtor had been sentenced to probation conditioned upon restitution payment and his probation was scheduled for revocation due to nonpayment); *In re Wright*, 36 B.R.

663, 664–65 (Bankr.S.D.Ohio 1984) (debtor had been convicted and was offered shock probation provided he paid restitution to creditor whose debt had been discharged through Chapter 13. *But see In re Goree*, 45 B.R. 704 (W.D.Ky.1985) (debtor had been convicted with probation revocation pending due to nonpayment and the district court refused to enjoin the criminal proceeding). The Debtor in this case, however, has the opportunity to defend himself in state court, *Goree* at 707, and avoid a restitution order. Lastly, inability to plea bargain is not an injury greater than that experienced in an ordinary prosecution. Therefore, to maintain the injunction, it must be found that Kentucky's prosecution of the Debtor fails another prong of the *Younger* analysis.

■ The constitutionality of the Kentucky statute has been placed at issue, but the Debtor has not argued that it is patently unconstitutional. As summarized above, *Younger* requires that a statute be "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54, 91 S.Ct. at 755 (citation omitted). Therefore, that much of *Younger* has not been satisfied. The Debtor does argue that the Kentucky statute was used as part of a campaign to collect a debt, and as applied, violates the Supremacy Clause of the U.S. Constitution[1] by frustrating the purpose of the Bankruptcy Code.[2]

It has been held that regardless of the purpose behind the statute, when "[t]he sole *emphasis* in ... [a statute] is one of providing leverage for the collection of damages," the statute may conflict with the Bankruptcy Code. *Perez*, 402 U.S. at

1. U.S. Const. art. VI cl. 2.

2. The court has some reservations regarding the ripeness of any Supremacy Clause argument. As stated in the text above, the debtor must either be offered a plea bargain, or first be convicted and offered probation or conditional discharge, including restitution, which must then be found dischargeable in bankruptcy, for a conflict to exist. None of these possibilities have become sufficiently imminent to state with

certainty that the matter is ripe for adjudication. Regardless, the court will address the issue, as a plea bargain had been offered and, despite the Commonwealth's offer to this court not to seek restitution, these alternatives are still available to the presiding judge, whose discretion this court cannot alter. The prosecution and the Debtor may wish to preserve those alternatives as well.

646, 91 S.Ct. at 1710 (emphasis added). The statute at issue in *Perez* provided for suspension of drivers' licenses if a civil judgment resulting from a traffic accident had not been paid within 60 days. The Supreme Court found that the Arizona statute was solely intended to extract payment from individuals and directly conflicted with the discharge provisions of the Bankruptcy Code. *Perez* at 646–47, 91 S.Ct. at 1710. The Supreme Court looked to the effect of the statute rather than the purpose and re-emphasized that the test is "whether a challenged statute 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* at 649, 91 S.Ct. at 1711 (citation omitted).

It is clear that the Kentucky statute, unlike the statute in *Perez,* is not *solely* employed to provide leverage to obtain payment from individuals. It provides for payments, in conjunction with probation or conditional discharge, in the amount of loss to a victim, or twice the amount of gain to the criminal, or that the criminal work for the victim until the monetary damages are recouped. Ky.Rev.Stat.Ann. § 533.030(3). This is in addition to possible imprisonment or home incarceration, *Id.* at § 533.030(5), all of which are only available at the judge's discretion. Lastly, restitution is not a substitute for a civil action by the victim which is also still available. *Id.* at § 533.030(3)(g). Similar statutes have been found not to violate the Supremacy Clause. *Kelley v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).

Therefore, because the payment at issue in *Perez* was a civil damage award, which is dischargeable in bankruptcy, not restitution which typically is not, see *Kelley, Perez* does not mandate that this court find that Kentucky's statute violates the Supremacy Clause.

■ *Younger* also permits federal courts to enjoin pending state criminal proceedings which have been brought in bad faith or to harass. *Younger,* 401 U.S. at 49, 91 S.Ct. at 753. The Debtor alleges that the prosecution was indeed brought in bad faith because the Hardin County prosecu-tor was not exercising independent judgment, and because the criminal court judge in Kentucky sought Mr. Rickert's approval of the restitution amount the Debtor would have to pay in order to have the prosecution withdrawn. As stated at the outset, this court must view the facts most favorably toward the Debtor as the nonmoving party. As such, it must be accepted that the prosecution was motivated in part to collect a debt and that the present attempt to prosecute the Debtor is tainted by that initial motivation. That inference, however, does not lead to the conclusion that the prosecution rises to the level required by *Younger.*

Were this case outside the *Younger* context, the motive behind the prosecution would carry more weight. *In re Alten,* 108 B.R. 16, 17 & n. 2 (Bankr.D.R.I.1989); *In re Creative Media Productions' Inc.,* 108 B.R. 404, 406–07 & n. 3 (Bankr.D.R.I.1989); *cf. In re Lake,* 11 B.R. 202 (Bankr.S.D.Ohio 1981) (looking to motive behind prosecution despite criminal proceeding pending at time of bankruptcy filing). This court finds that it must apply *Younger* to the instant case, that the primary purpose test does not apply, and that bad faith of the type addressed in *Younger* must be present to warrant enjoining the pending state criminal proceeding.

*Younger* discusses prosecutions "'not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass ... and discourage ... [individuals] from asserting and attempting to vindicate the[ir] *constitutional rights....*'" *Younger* 401 U.S. at 48–49, 91 S.Ct. at 752–53 (citation omitted) (emphasis added). Despite the inference the court is compelled to make due to the procedural posture of this case, it finds that the Debtor is not being harassed, or discouraged from asserting his *constitutional* rights. Other courts considering this issue have found that debt collection as one motive behind a restitution statute does not rise to the level of bad faith required by *Younger. In re Fussell,* 928 F.2d 712, 716–17 (5th Cir.1991), *cert.*

**814**

denied *Fussell v. Price,* — U.S. —, 112 S.Ct. 1203, 117 L.Ed.2d 443 (1992) (looking to the sufficiency of the facts supporting the prosecution); *Alten* at 16–17 & n. 2; *Creative Media* at 406–407 & n. 3 (finding in both cases that debt collection purpose was not bad faith).

In this case, the Commonwealth of Kentucky has not prosecuted the Debtor in an attempt to prevent him from exercising a constitutional right. The Debtor possesses no constitutional right to a discharge in bankruptcy, (*United States v. Kras,* 409 U.S. 434, 445–46, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973)), probation, conditional discharge or a plea bargain. Further, the prosecution has not been brought to harass the Debtor or discourage his attempt to obtain a discharge in bankruptcy; it was brought prior to his filing for bankruptcy. Therefore, despite any partial debt collection motive, and in light of the shift away from the primary purpose test noted above, the Commonwealth of Kentucky's prosecution does not rise to the level of bad faith which *Younger* prohibits.

*Younger* does permit enjoining pending criminal prosecutions when "[o]ther unusual situations calling for federal intervention ... arise...." *Younger,* 401 U.S. at 54, 91 S.Ct. at 755. The Debtor has not argued, nor does the court find, any such unusual circumstances present here.

Lastly, finding that the Commonwealth of Kentucky has shown that *Younger's* standards have not been met, matters of comity and federalism need not be addressed. This court can find no reason to continue to enjoin the courts of Kentucky.

Therefore, based upon the foregoing, the court finds that no issue of material fact remains and that the Commonwealth of Kentucky's Renewed Motion for Summary Judgment is well taken. It has been demonstrated that the standards imposed by *Younger* have not been met by the Debtor and an Order in compliance with this Memorandum of Decision shall issue forthwith.